

COPY

E-filing

1   RAO ONGARO LLP
    Anthony J. Rao (SBN 173512)
2   arao@rao-ongaro.com
    40 Wall Street, 28th Floor
3   New York, NY 10005
    Telephone: (646) 512-5648
4   Facsimile: (646) 512-5666

5   RAO ONGARO LLP
    David R. Ongaro (SBN 154698)
6   dongaro@rao-ongaro.com
    David R. Burtt (SBN 201220)
7   dburtt@rao-ongaro.com
    595 Market Street, Suite 610
8   San Francisco, CA  94105
    Telephone: (415) 433-3902
9   Facsimile: (415) 433-3950

10  Attorneys for Defendants
    DHL EXPRESS (USA), INC.;
11  DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC.;
    DHL INFORMATION SERVICES (AMERICAS), INC.;
12  DHL SOLUTIONS (USA), INC.

ORIGINAL
FILED
APR - 8 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

13          UNITED STATES DISTRICT COURT

14      NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

15  TAINA NAPOTO, as an individual and on   )   Case No. **CO9-01551**
16  behalf of others similarly situated,    )
                                            )   **DEFENDANTS' JOINT NOTICE OF**
17          Plaintiff,                      )   **REMOVAL OF ACTION UNDER 28**
                                            )   **U.S.C. §1453 (CLASS ACTION**
18      v.                                  )   **FAIRNESS ACT OF 2005)**
                                            )
19  DHL EXPRESS (USA), INC., an Ohio        )   (Alameda Superior Court Case No.
    Corporation; DHL GLOBAL CUSTOMER        )   HG09439778)
20  SOLUTIONS (USA), INC., an Ohio          )
    Corporation, DHL INFORMATION            )
21  SERVICES (AMERICAS), INC., an Ohio      )
    Corporation, DHL SOLUTIONS (USA), INC., )
22  an Ohio Corporation, and DOES 1 through 100, )
    inclusive,                              )
23                                          )
            Defendants.                     )
24                                          )

25      TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

26  OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

27

28

PLEASE TAKE NOTICE that Defendants DHL EXPRESS (USA), INC., DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC., DHL INFORMATION SERVICES (AMERICAS), INC., and DHL SOLUTIONS (USA), INC. ("Defendants") join in and file this Joint Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2), to effect the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California in and for the County of Alameda. This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## I.   BACKGROUND

1.    On or about March 6, 2009, plaintiff TAINA NAPOTO, as an individual and on behalf of others similarly situated, filed a "Class Action" Complaint against Defendants in the Superior Court of the State of California, County of Alameda, Case No. HG09439778 (the "Complaint"). The Complaint purports to allege claims of: "Violation of Labor Code § 227.3 relating to vacation [vacation, personal holidays, floating holidays and paid time off] wages, violation of Labor Code § 203 relating to payment of final wages, and unfair business practices [Business and Professions Code §17200]." Complaint, pg. 1 (a copy of the Complaint is attached hereto as Exhibit A).

2.    The Complaint seeks to certify: "(a) a class of all current and former employees of DEFENDANTS in California at any time from four years prior to the date of the filing of this action through the present who, based on DEFENDANTS' records, had their vested vacation pay (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off) forfeited and not paid to them; and (b) a class of all former employees of DEFNDANTS in California at any time from four years prior to the date of the filing of this action through the present who were not paid their final wages within 72 hours of the date DEFENDANTS' records show their employment ended." Complaint, ¶ 22.

## II.   TIMELINESS OF REMOVAL

3.    Defendants first received a copy of the Complaint on March 9, 2009 when counsel for Plaintiff served the Complaint on Defendants. Declaration of Anthony J. Rao, ¶ 2.

1       4.    This Notice of Removal is timely as it is filed within thirty (30) days of the first

2   receipt by Defendants of a copy of the Complaint.  28 U.S.C. § 1446(b).

3   **III.    ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT**

4       5.    This Court has original jurisdiction of this action under CAFA, codified in

5   pertinent part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action is properly removable,

6   pursuant to 28 U.S.C. § 1441(a), in that the District Court has original jurisdiction over the action

7   because the aggregated amount in controversy exceeds $5,000,000 exclusive of interest and

8   costs, and the action is a class action in which the named plaintiff is a citizen of a state that is

9   different from that of Defendants.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number

10  of putative class members is greater than 100.  28 U.S.C. § 1332 (d)(5)(B).

11  **IV.    DIVERSE CITIZENSHIP OF THE PARTIES**

12      6.    **Plaintiff's Citizenship**.  Defendants are informed and believe that Plaintiff is, and

13  at all times was, a resident of California and worked in California.  Complaint ¶ 9.  To establish

14  citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United

15  States, and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d

16  1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mut.*

17  *Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Defendants are informed and believe

18  that Plaintiff is a citizen of California.   See 28 U.S.C. § 1332(a)(1).

19      7.    **Defendants' Citizenship.**  Pursuant to 28 U.S.C. § 1446(c), "a corporation shall

20  be deemed to be a citizen of any State in which it has been incorporated, and of the State where it

21  has its principal place of business."  Defendant DHL EXPRESS (USA), INC. ("DHL") is a

22  corporation incorporated under the laws of Ohio, and its principal place of business is in

23  Plantation, Florida.  *See* Complaint ¶ 10; Rao Decl. ¶ 3, Ex. 1.  Defendant DHL GLOBAL

24  CUSTOMER SOLUTIONS (USA), INC. ("GCS") is a corporation incorporated under the laws

25  of Ohio, and its principal place of business is in Plantation, Florida.  *See* Complaint ¶ 11; Rao

26  Decl. ¶ 3, Ex. 1.  Defendant DHL INFORMATION SERVICES (AMERICAS), INC. ("ISA") is

27  a corporation incorporated under the laws of Ohio, and its principal place of business is in

28  Plantation, Florida.  *See* Complaint ¶ 12; Rao Decl. ¶ 3, Ex. 1.  Defendant DHL SOLUTIONS

1   (USA), INC. ("SOL") is a corporation incorporated under the laws of Ohio, and its principal

2   place of business is in Plantation, Florida.  *See* Complaint ¶ 13; Rao Decl. ¶ 3, Ex. 1.

3          8.    **Place of Operations Test.**  In determining Defendants' citizenship, its principal

4   place of business is determined by using one of two tests.  The "place of operations" test

5   examines which state "contains a substantial predominance of corporate operations." *Industrial*

6   *Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990) (*quoting Inland Rubber Corp.*

7   *v. Triple A Tire Service, Inc.*, 220 F. Supp. 490, 496 (S.D.N.Y. 1963)).  Courts in the Ninth

8   Circuit analyze "a number of factors to determine if a given state contains a substantial

9   predominance of corporate activity, including the location of employees, tangible property,

10  production activities, sources of income, and where sales take place." *Tosco Corp. v. Comm.*

11  *For a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (*citing Industrial Tectonics*, 912

12  F.2d at 1094).  Another relevant factor is the location of the defendant's executive and

13  administrative functions. *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal.

14  2003).

15         9.    **Nerve Center Test.**  The second test, the "nerve center test," locates a company's

16  "principal place of business in the state where the majority of its executive and administrative

17  functions are performed." *Tosco Corp.*, 236 F.3d at 500 (citing *Industrial Tectonics*, 912 F.2d at

18  1092-93).  The Ninth Circuit "applies the place of operations test unless the [company's]

19  activities do not substantially predominate in any one state." *Tosco Corp.*, 236 F. 3d at 500.

20  Where there is no substantial predominance of operations in any one state, the nerve center test

21  applies: "This test is generally utilized when a corporation's activities are far flung and

22  operations are conducted in many states." *Arellano*, 245 F. Supp. 2d at 1106 (citation omitted).

23        10.    **Defendants' Operations Mandate Application of the Nerve Center Test.**

24  DHL's activities are widely dispersed throughout the United States and the world.  With respect

25  to the United States, DHL operates hundreds of sites in the United States where it provides

26  domestic and international shipping, express, delivery, ground, and logistics services.  GCS was

27  formed in January 2004.  With operations and locations throughout the United States and the

28  world, GCS coordinates major clients' express, air and ocean freight services and offers

DEFENDANTS' JOINT NOTICE OF FEDERAL REMOVAL

4

1   consultancy in solution development, implementation coordination, and performance

2   management.  GCS is based in Asia, Europe and the United States.  ISA has operations and

3   locations throughout the United States and the world and provides customized solutions for both

4   digital and print information, ranging from drafting and printing communications materials to

5   outsourcing business processes.  ISA specializes in business process outsourcing in industries

6   such as insurance, retail, automotive, consumer goods, pharmaceutical, financial services, legal,

7   consulting, publishing and the public sector.  SOL is the leading provider of logistics throughout

8   the world, especially in Germany and Europe.  SOL has operations and locations throughout the

9   United States and the world.  In general, SOL takes over all activities, from warehousing to order

10  picking, packaging and constructing displays, and delivery.  Thus, the "nerve center test" is the

11  applicable test to determine Defendants' principal place of business because Defendants'

12  activities are "far-flung" and "conducted in many states."  *See Arellano*, 245 F. Supp. 2d at 1106-

13  1108.

14          11.     Some relevant considerations under the "nerve center test" include where the

15  directors and owners meet and live, where the executives live and work, where the administrative

16  and financial offices and records are located, where the "home office" is located, where policy

17  decisions are made, and where day-to-day control of the business is exercised.  *See Unger v. Del*

18  *E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D.Cal. 1964).  In Defendants' case, their United States

19  corporate headquarters, where their separate high-level executive management and

20  administrative functions are performed, is located in Plantation, Florida.  Rao Decl. ¶ 3.  Most of

21  Defendants' separate directors and executive officers reside and work in Florida.  *Id.*  Florida's

22  corporate headquarters is where Defendants' separate primary policy decisions are made, and

23  where separate day-to-day control of the businesses is exercised.  *Id.*

24          12.     **Doe Defendants.**  Pursuant to 28 U.S.C. Section 1441(a), the residence of

25  fictitious and unknown defendants should be disregarded for purposes of establishing removal

26  jurisdiction under 28 U.S.C. Section 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213

27  (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the

28

1    existence of Doe defendants one through 100, inclusive, does not deprive this Court of

2    jurisdiction.

3    **V.    AMOUNT IN CONTROVERSY**

4          13.    Under CAFA, the claims of the individual members in a class action are

5    aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

6    28 U.S.C. § 1332(d)(6).

7          14.    Congress intended for federal jurisdiction to be appropriate under CAFA "if the

8    value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or

9    the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages,

10    injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at

11    49. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes

12    clear that any doubts regarding the maintenance of interstate class actions in state or federal court

13    should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 49("[I]f a federal court is

14    uncertain about whether 'all matters in controversy' in a purported class action 'do not in the

15    aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising

16    jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially

17    federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong

18    preference that interstate class actions should be heard in a federal court if properly removed by

19    any defendant.").

20          15.    Plaintiff's Complaint is silent as to the amount in controversy. The failure of the

21    Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff

22    does not deprive the Court of jurisdiction. *White v. J.C. Penny Life Ins. Co.,* 861 F.Supp. 25, 26

23    (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of

24    plaintiff to plead a specific dollar amount in controversy). Defendants need only establish by a

25    preponderance of the evidence that the claims exceed the jurisdictional minimum. *Sanchez v.*

26    *Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir., 1996); *Singer v. State Farm Mutual Auto*

27    *Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). While Defendants deny any liability as to Plaintiff's

28    claims, the alleged amount in controversy in this class action including wages, penalties,

1    attorneys' fees, injunctive relief and other monetary relief at issue in the aggregate exceeds

2    $5,000,000.

3        16.    The Complaint alleges the following putative class: "(a) a class of all current and

4    former employees of DEFENDANTS in California at any time from four years prior to the date

5    of the filing of this action through the present who, based on DEFENDANTS' records, had their

6    vested vacation pay (including, but not limited to, personal days, personal holidays, floating

7    holidays, and/or paid time off) forfeited and not paid to them; and (b) a class of all former

8    employees of DEFNDANTS in California at any time from four years prior to the date of the

9    filing of this action through the present who were not paid their final wages within 72 hours of

10   the date of DEFNDANTS' records show their employment ended." Complaint, ¶ 22.  Unless

11   stipulated by a collective bargaining agreement, Plaintiff alleges that whenever an employer

12   provides paid vacations to its employees, Labor Code § 227.3 provides for the payment of

13   accrued but unused vacation upon separation of employment.  Plaintiff alleges vacation pay

14   includes (but is not limited to) personal days, personal holidays, floating holidays, and/or paid

15   time off.  Plaintiff alleges that Labor Code § 203 provides for a penalty of thirty (30) days of

16   continued wages if all wages are not timely paid upon separation of employment.  Plaintiff

17   alleges a violation of California Business and Professions Code § 17200, *et seq.* based upon

18   Defendants' alleged conduct, and seeks damages, penalties and/or restitution for a four year

19   period.  Complaint ¶¶ 49-55.  Plaintiff also seeks injunctive relief.  Complaint, Prayer No. 8.

20       17.    During the relevant time frame set forth in the Complaint, there were

21   approximately 5441 putative class members, 4166 separations of employment, the average

22   hourly rate of pay for non-exempt employees was $21.63, and the average salary for exempt

23   employees was $82,742.13.  Rao Decl. ¶ 4.  Defendants have fifty-two pay periods per year.  In

24   California, regular full time employees generally receive five floating holidays per calendar year

25   which are capped.  In California, vacation generally is accrued based on years of service (from

26   80 hours to 160 hours per year).  Vacation generally is capped at one and one-half times an

27   employee's annual allowance.  Assuming all 4166 separated employees are non-exempt

28   employees and each separated employee was not paid all accrued vacation, the penalties alone

1   are $21,626,539.20 (4166 x $21.63 per hour average x 8 hours per day x 30 day penalty =

2   $21,626,539.20).  On information and belief, assuming all 4166 separated employees are exempt

3   employees and each separated employee was not paid all accrued vacation, the penalties alone

4   are $39,773,635.20 (4166 x [$82,742.13 average salary / 260 business days per year = $318.24

5   daily wages] $318.24 daily wage average x 30 day penalty = $39,773,635.20).  On information

6   and belief, assuming one-half of the putative class did not receive all accrued vacation upon

7   separation and one-half are exempt employees and one-half non-exempt employees, the penalties

8   alone are $15,352,534.20 (1041 non-exempt employees x $21.63 per hour average x 8 hours per

9   day x 30 day penalty = $5,404,039.20); (1042 exempt employees x 318.24 daily wages average x

10  30 day penalty = $9,948,495).  These figures do not take into account the actual accrued vacation

11  amounts that Plaintiff alleges were unpaid which increases the amount in controversy.

12      18.      Plaintiff seeks reasonable attorneys' fees in her Complaint.  Plaintiff alleges she

13  will create a common fund for the benefit of the class.  Complaint ¶ 35.  It is well settled that, in

14  determining the amount in controversy, the Court should consider the aggregate value of the

15  claims as well as attorneys' fees.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

16  (9th Cir., 1998) (claims for statutory attorneys' fees to be included in amount in controversy,

17  regardless of whether such an award is discretionary or mandatory); *Goldberg v. CPC*

18  *International, Inc.,* 678 F.2d 1365, 1367 (9th Cir., 1982) (attorneys' fees may be taken into

19  account to determine jurisdictional amount).  The "measure of [attorneys'] fees should be the

20  amount that can reasonably be anticipated at the time of removal, not those merely incurred."

21  *Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1034-35 (N.D. CA 2002).  In California where

22  wage and hour class actions have settled prior to trial for millions of dollars, and juries have

23  returned verdicts in the tens of millions of dollars, it is common for attorneys' fees awards to be

24  twenty-five to thirty-three percent of the settlement and thus exceed in excess of one million

25  dollars.  *See Alexander v. Fedex Ground Package Sys., Inc.,* N.D. CA., No. C-05-0038 (March

26  25, 2005) (jurisdictional amount satisfied where defendant estimated attorney's fees at 33% of

27  the estimated damages); *Salazar v. Avis Budget Group, et al.* S.D. CA., No. 07-CV64 (May 8,

28  2007) (Recognizing fees at 25% of the estimated damages: "… the Court finds that calculating

1    plaintiff's attorneys' fees as a percentage of recoverable damages as the most precise estimate at

2    this early stage [removal] of litigation."); *Savaglio v. Wal-Mart Stores, Inc.*, 2005 WL 3804468

3    (CA. Sup. Ct.) (awarding 57 million in unpaid meal break compensation and $115 million in

4    punitive damages); *Abasi v. HCA, the Healthcare Co., Inc.*, C.D. CA., No. CV 03-7606 (May 9,

5    2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest periods;

6    attorneys' fees award of $1.2 million); *Mousai v. E-Loan, Inc.*, N.D. CA., No. 06-CV-01993

7    (January 2007) (preliminary approval of settlement of $13.6 million for meal and rest claims,

8    among others, with attorneys' fees estimated at $3.4 million.

9        19.      Assuming only *one-quarter* of the putative class did not receive all accrued

10   vacation upon separation and one-half are exempt employees and one-half non-exempt

11   employees, the penalties in controversy alone are $7,676,267.10 ($15,352,534.20 / 2). Again,

12   this figure does not take into account the actual accrued vacation amounts that Plaintiff alleges

13   were unpaid. Attorneys' fees totaling 25% of this amount is $1,919,066.78. Assuming only one-

14   quarter of the putative class did not receive all accrued vacation upon separation, the total

15   amount in controversy (not including actual vacation pay damages) is $9,595,333.88. The

16   preponderance of the evidence is that the amount sought by the facial allegations of Plaintiff's

17   Complaint exceeds $5,000,000, exclusive of interest and costs.

18        20.      Because diversity of citizenship exists, Plaintiff, being a citizen of the state of

19   California (and other putative class members presumably being citizens of the state of California

20   as well), and the Defendants being citizens of Ohio, with their principal places of business in

21   Florida, and because the amount in controversy exceeds $5,000,000, this Court has original

22   jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore a proper

23   one for removal to this Court pursuant to 28 U.S.C. § 1441(a).

24   **VI.     VENUE AND INTRADISTRICT ASSIGNMENT**

25        21.      Venue lies in the Oakland division of this Court pursuant to Local Rule 3-2 and

26   28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the

27   Superior Court of the State of California, County of Alameda, and allegedly arises out of

28   Plaintiff's employment in Alameda County. See Complaint at ¶ 9.

**VII.   NOTICE OF REMOVAL**

22.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Alameda.  In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto at Exhibit A.

23.    WHEREFORE, Defendants request that the above action pending before the Superior Court of the State of California for the County of Alameda be removed to the United States District Court for the Northern District of California.

DATED: April 8, 2009.

RAO ONGARO BURTT & TILIAKOS LLP

By _____

    Anthony J. Rao
    David R. Ongaro
    David R. Burtt

Attorneys for Defendants

 CT Corporation

**Service of Process Transmittal**
03/10/2009
CT Log Number 514553963

| | |
|---|---|
| **TO:** | Carol Marcus-Stanley, Senior Legal Analyst<br>DHL EXPRESS (USA), INC.<br>1200 S. Pine Island Road, Suite 600<br>Plantation, FL 33324 |
| **RE:** | **Process Served in California** |
| **FOR:** | DHL Global Customer Solutions (USA), Inc. (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Taina Napoto, as an Individual and on behalf of others similarly situated, Pltf. vs. DHL Express (USA), Inc., etc., et al. including DHL Global Customer Solutions (USA), Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Complaint, Summons, Cover Sheet, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # HG0943778 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - class members were regularly denied payment of all vested and unused vacation time |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/09/2009 at 12:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth H. Yoon<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Blvd.<br>Suite 2200<br>Los Angeles, CA 90017<br>213 612 0988 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/10/2009, Expected Purge Date: 03/15/2009<br>Image SOP<br>Email Notification, Carol Marcus-Stanley carol.marcus@dhl.com<br>Email Notification, Class Action DHL class-action.dhl@dhl.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  PETER M. HART (California Bar No. 198691)
   **LAW OFFICES OF PETER M. HART**
2  13952 Bora Bora Way, F-320
   Marina Del Rey, CA 90292
3  Telephone: (310) 478-5789
   Facsimile: (509) 561-6441
4
   LARRY W. LEE (State Bar No. 228175)
5  **DIVERSITY LAW GROUP, A Professional Corporation**
   444 S. Flower Street
6  Citigroup Center · Suite 1370
   Los Angeles, California 90071
7  (213) 488-6555
8  (213) 488-6554 facsimile

9  KENNETH H. YOON (State Bar No. 198443)
   **LAW OFFICES OF KENNETH H. YOON**
10 One Wilshire Blvd., Suite 2200
   Los Angeles, CA 90017
11 (213) 612-0988
12 (213) 947-1211 facsimile

13 Attorneys for Plaintiff
14 Taina Napoto

15                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                   **FOR THE COUNTY OF ALAMEDA**

17 TAINA NAPOTO, as an individual and on      CASE NO.: *HG* 0 9 4 3 9 7 7 8
   behalf of others similarly situated,
18                                             **CLASS ACTION**
            Plaintiff,
19                                             **COMPLAINT FOR:**
        v.
20                                             **(1) VIOLATION OF LABOR CODE § 227.3**
   DHL EXPRESS (USA), INC., an Ohio               **RELATING TO VACATION WAGES;**
21 corporation; DHL GLOBAL CUSTOMER          **(2) VIOLATION OF LABOR CODE § 203**
   SOLUTIONS (USA), INC., an Ohio               **RELATING TO PAYMENT OF FINAL**
22 corporation; DHL INFORMATION SERVICES        **WAGES;**
   (AMERICAS), INC., an Ohio corporation; DHL **(3) UNFAIR BUSINESS PRACTICES**
23 SOLUTIONS (USA), INC ., an Ohio               **(Violation of California Business &**
   corporation and DOES 1 through 100, inclusive,  **Professions Code §17200 *et seq.*).**
24
            Defendants.                        **DEMAND FOR JURY TRIAL**
25
26
27
28

                              1
                   CLASS ACTION COMPLAINT

ENDORSED
FILED
ALAMEDA COUNTY

MAR - 6 2009

CLERK OF THE SUPERIOR COURT
By BARBARA LAMOTTE
            Deputy

1        Plaintiff Taina Napoto ("Ms. Napoto" or "Plaintiff"), hereby submit this Class Action

2  Complaint against Defendants DHL EXPRESS (USA), INC., DHL GLOBAL CUSTOMER

3  SOLUTIONS (USA), INC., DHL SOLUTIONS (USA), INC. and Does 1-100 (hereinafter collectively

4  referred to as "DEFENDANTS") on behalf of herself and the class of others similarly situated current

5  and former employees of DEFENDANTS, as follows:

6                         **INTRODUCTION**

7       1.    This class action is within the Court's jurisdiction under California Labor Code

8  §§ 201-204, 227.3, and California Business and Professions Code § 17200, *et seq.*, (Unfair Practices

9  Act).

10       2.    This complaint challenges systemic illegal employment practices resulting in

11  violations of the California Labor Code and Business and Professions Code against employees of

12  Defendants.

13       3.    Plaintiff is informed and believes and based thereon alleges that

14  DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and

15  conscious disregard to the rights of all employees in receiving all wages due.

16       4.    Plaintiff is informed and believes and based thereon alleges that

17  DEFENDANTS have engaged in, among other things a system of willful violations of the California

18  Labor Code and Business and Professions Code by creating and maintaining policies, practices and

19  customs that knowingly deny employees their vested vacation wages.

20       5.    The policies, practices and customs of DEFENDANTS described above and

21  below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over

22  businesses that routinely adhere to the strictures of the California Labor Code and Business and

23  Professions Code.

24               **JURISDICTION AND VENUE**

25       6.    The Court has jurisdiction over the violations of the California Labor Code §§

26  201-204 and 227.3 and California Business and Professions Code § 17200, *et seq.*, (Unfair Practices

27  Act).

28

1      7.    This Court has jurisdiction over this Class Action pursuant to California Code

2  of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

3      8.    Venue is proper because DEFENDANTS do business in Alameda County.

4                      **PARTIES**

5      9.    Plaintiff Napoto was jointly employed by DEFENDANTS in California from

6  March 1998 to May 30, 2008. Plaintiff was and is a victim of the policies, practices and customs of

7  DEFENDANTS complained of in this action in ways that have deprived her of the rights guaranteed

8  her by California Labor Code §§ 201-204 and 227.3 and California Business and Professions Code

9  §17200, *et seq.*, (Unfair Practices Act). Plaintiff was entitled to vest vacation and did accrue vacation

10  time.  (For purposes of this complaint, "vacation" time includes vacation time called vacation,

11  personal days, personal holidays, floating holidays, and/or paid time off.) Plaintiff had vested and

12  used vacation time at the end of her employment. Plaintiff was not paid all of her vested and unused

13  vacation wages at the end of her employment and had such wages forfeited. Plaintiff was not paid all

14  of her final wages within 72 hours after the end of her employment.

15      10.    Plaintiff is informed and believes and based thereon alleges that Defendant

16  DHL EXPRESS (USA), INC. is an Ohio Corporation doing business in the State of California.

17      11.    Plaintiff is informed and believes and based thereon alleges that Defendant

18  DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC. is an Ohio corporation doing business in the

19  State of California.

20      12.    Plaintiff is informed and believes and based thereon alleges that Defendant

21  DHL INFORMATION SERVICES (AMERICAS), INC. is an Ohio corporation doing business in the

22  State of California.

23      13.    Plaintiff is informed and believes and based thereon alleges that Defendant

24  DHL SOLUTIONS (USA), INC. is an Ohio corporation doing business in the State of California.

25      14.    Plaintiff is informed and believes and thereon alleges that at all times herein

26  mentioned DEFENDANTS and DOES 1 through 100, are and were corporations, business entities,

27  individuals, and partnerships, licensed to do business and actually doing business in the State of

28  California.

15.     DEFENDANTS own and operate a number of distribution centers, sales centers, corporate centers, and employ several thousand exempt and non-exempt employees doing delivery work and support and sales for delivery work in the state of California.

16.     As such, and based upon all the facts and circumstances incident to DEFENDANTS' businesses in California, DEFENDANTS are subject to California Labor Code §§ 201-204, and 227.3 and California Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act).

17.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 100, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18.     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

20.   At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.   At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

22.   Definition: The named individual Plaintiff brings this action on behalf of herself and the class pursuant to California Code of Civil Procedure § 382 and consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3). The Classes consist of (a) a class of all current and former employees of DEFENDANTS in California at any time from four years prior to the date of the filing of this action through the present who, based on DEFENDANTS' records, had their vested vacation pay (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off) forfeited and not paid to them; and (b) a class of all former employees of DEFENDANTS in California at any time from four years prior to the date of the filing of this action through the present who were not paid their final wages within 72 hours of the date DEFENDANTS' records show their employment ended.

23.   Numerosity: The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon allege that class members were regularly denied payment of all vested and unused vacation time (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off).

24.   <u>Adequacy of Representation</u>: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past, have been appointed as class counsel by California state and federal courts, and currently have a number of wage-and-hour class actions pending in California state and federal courts.

25.   DEFENDANTS uniformly administered a corporate policy, practice and/or custom in which vested vacation wages (including personal days, personal holidays, floating holidays, and/or paid time off wages) were routinely and regularly not paid to all employees on termination.

26.   Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advanced knowledge and designed intent to willfully withhold or take away vested vacation wages from class members.

27.   Plaintiff is informed and believes and based thereon alleges that Defendants, in violation of California Labor Code §§ 201 and 202, *et seq.*, respectfully, had a consistent and uniform policy, practice and custom of willfully failing to comply with Labor Code §§ 227.3. Plaintiff and other members of the class did not secret or absent themselves from Defendants, nor refuse to accept the vested vacation wages from Defendants. Accordingly, Defendants are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

28.   <u>Common Question of Law and Fact</u>: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether class members (1) earned vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off), (2) had such vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off) paid upon termination of employment if not used, (3) whether waiting time pursuant to Labor Code § 203 are owed, and (4) whether employees were paid their final days wages within 72 hours from the date of the end of their employment. DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

29.   Typicality:  The claims of Plaintiff are typical of the claims of all members of the class in that unused earned and vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off) of Plaintiff were forfeited and these wages were not paid out to Plaintiff, a former employee of DEFENDANTS, at the end of her employment with DEFENDANTS.  Plaintiff is a member of the class and has suffered the alleged violations of California Labor Code §§ 201-204 and 227.3.

30.   The California Labor Code provisions upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

31.   The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

32.   The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of

7
CLASS ACTION COMPLAINT

1   the class are not sufficiently large to warrant vigorous individual prosecution considering all of the

2   concomitant costs and expenses.

3       33.    Such a pattern, practice and uniform administration of corporate policy

4   regarding illegal employee compensation described herein is unlawful and creates an entitlement to

5   recovery by Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full

6   amount of forfeited and/or unpaid vacation wages (including, but not limited to, personal days,

7   personal holidays, floating holidays, and/or paid time off) pursuant to Labor Code § 227.3 including

8   interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the

9   mandate of California Labor Code § 218.5 & 218.6 and Code of Civil Procedure § 1021.5.

10      34.    Proof of a common business practice or factual pattern, which the named

11  Plaintiff experienced and is representative of, will establish the right of each of the members of the

12  Plaintiff class to recovery on the causes of action alleged herein.

13      35.    The Plaintiff class is commonly entitled to a specific fund with respect to the

14  compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is commonly

15  entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is

16  brought for the benefit of the entire class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION

#### For Violation Of Labor Code § 227.3 Failure To Pay Vacation Wages

#### (Against All Defendants)

20      36.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as

21  though fully set for herein.

22      37.    Plaintiff had unused vested vacation wages that were not paid out to her at the

23  end of her employment with DEFEDANTS. Plaintiff had unused vested floating holiday vacation

24  time that was treated the same as vacation time that was not paid out to her at the end of her

25  employment.

26      38.    DEFENDANTS, with respect to Plaintiff, violated California Labor Code §

27  227.3 by causing the forfeiture of vested vacation wages, including vested floating holiday vacation

28  wages, to her.

39. DEFENDANTS violated California Labor Code § 227.3 by causing the forfeiture of vested vacation wages, including vested floating holiday vacation wages, from their former California employees.

40. DEFENDANTS have failed to pay their former California employees all vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off), in a timely fashion upon the end of the employment relationship and that this failure resulted in a forfeiture of vacation wages in violation of Labor Code § 227.3.

41. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS willfully failed to comply with Labor Code § 227.3 toward their California employees. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' willful failure to provide Plaintiff and other members of the class the vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off), due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who were employed in California and who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

42. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time off), including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

43. DEFENDANTS' wrongful and illegal conduct in failing to comply with Labor Code § 227.3 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain

1 | compensation to which they are entitled under California law. Plaintiff has no other adequate remedy

2 | at law to insure future compliance with the California labor laws alleged to have been violated herein.

3 | **SECOND CAUSE OF ACTION**

4 | **VIOLATION OF LABOR CODE § 203**

5 | **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

6 |     44.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as

7 | though fully set for herein.

8 |     45.   At all times relevant herein, DEFENDANTS were required to pay their

9 | employees all wages owed in a timely fashion at the end of employment pursuant to California Labor

10 | Code §§ 201 to 204.

11 |     46.   As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and

12 | class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting

13 | time penalties pursuant to Labor Code § 203.

14 |     47.   The conduct of DEFENDANTS and their agents and employees as described

15 | herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial

16 | employees of DEFENDANTS.

17 |     48.   Plaintiff is informed and believes and based thereon alleges DEFENDANTS'

18 | willful failure to pay wages due and owing them upon separation from employment results in a

19 | continued payment of wages up to thirty (30) days from the time the wages were due. Therefore,

20 | Plaintiff and class members who have separated from employment are entitled to compensation

21 | pursuant to Labor Code § 203.

22 | **THIRD CAUSE OF ACTION**

23 | **For Violations of Business and Professions Code § 17200 _et seq._**

24 | **(Against All Defendants)**

25 |     49.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as

26 | though fully set for herein.

27 |     50.   DEFENDANTS, and each of them, have engaged and continue to engage in

28 | unfair business practices in California by practicing, employing and utilizing the employment

10
CLASS ACTION COMPLAINT

1   practices outlined above, inclusive, to wit, by causing the forfeiture of class members vested vacation

2   wages (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid

3   time off), in violation of California law.

4        51.   DEFENDANTS' utilization of such unfair business practices constitutes unfair

5   competition and provides an unfair advantage over DEFENDANTS' competitors.

6        52.   Plaintiff seeks, on her own behalf, and on behalf of other members of the class

7   similarly situated, and on behalf of the general public, full restitution of monies, as necessary and

8   according to proof, to restore any and all monies withheld, acquired and/or converted by the

9   DEFENDANTS by means of the unfair practices complained of herein.

10       53.   The restitution includes the equivalent of all forfeited vested vacation wages

11   (including, but not limited to, personal days, personal holidays, floating holidays, and/or paid time

12   off).

13       54.   The acts complained of herein occurred within the last four years preceding the

14   filing of the complaint in this action.

15       55.   Plaintiff is informed and believes and on that basis alleges that at all times

16   herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices,

17   as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth

18   herein above thereby depriving Plaintiff and other members of the general public the minimum

19   working condition standards and conditions due to them under the California laws as specifically

20   described therein.

21                       **PRAYER FOR RELIEF**

22       WHEREFORE, Plaintiff, on her own behalf and on the behalf of the members of the

23   class and the general public, prays for judgment as follows:

24       1.   For an order certifying the proposed class;

25       2.   For an order appointing Plaintiff as the representative of the class;

26       3.   For an order appointing Counsel for Plaintiff as class counsel;

27       4.   Upon the First Cause of Action, for consequential damages according to proof;

28

5.  Upon the First Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

6.  Upon the Second Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203

7.  Upon the Third Cause of Action, for restitution to Plaintiff and other similarly effected members of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200 *et seq.*;

8.  Upon the Third Cause of Action, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

9.  For interest on the wages sought, reasonable attorneys fees, expenses and costs as provided by California Labor Code §§ 218.5 & 218.6 and Code of Civil Procedure § 1021.5; and,

10. For such other and further relief the court may deem just and proper.

DATED: March 5, 2009                    LAW OFFICES OF KENNETH H. YOON


By: _____
                                        Kenneth H. Yoon
                                        Attorney for Plaintiff Taina Napoto


**DEMAND FOR JURY TRIAL**

Plaintiff, for herself and the class, hereby demands a jury trial as provided by California law.

DATED: March 5, 2009                    LAW OFFICES OF KENNETH H. YOON


By: _____
                                        Kenneth H. Yoon
                                        Attorney for Plaintiff Taina Napoto

12
CLASS ACTION COMPLAINT

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DHL EXPRESS (USA). INC., an Ohio corporation; DHL GLOBAL CUSTOMER
SOLUTIONS (USA), INC., an Ohio corporation; DHL INFORMATION SERVICES
(AMERICAS), INC.. an Ohio corporation; DHL SOLUTIONS (USA). INC .. an Ohio
corporation and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAINA NAPOTO, as an individual and on behalf of others similarly
situated,

ENDORSED
FILED
ALAMEDA COUNTY

MAR - 6 2009

CLERK OF THE SUPERIOR COURT
By BARBARA LAMOTTE
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 09439778 |
|---|---|

Alameda County Superior Court - Hayward Hall of Justice
24405 Amador Street, Hayward 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth H. Yoon (SBN 198443)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017          (213) 612-0988

| DATE: *(Fecha)* MAR - 6 2009 PAT S. SWEETEN | Clerk, by *(Secretario)* BARBARA LAMOTTE | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [New January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

982.2(b)(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kenneth H. Yoon (SBN 198443)<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90017<br><br>TELEPHONE NO: (213) 612-0988   FAX NO: (213) 947-1211<br>ATTORNEY FOR (Name): Plaintiff Taina Napoto | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR - 6 2009<br><br>CLERK OF THE SUPERIOR COURT<br>By BARBARA LAMOTTE<br>Deputy |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
Alameda County Superior Court - Hayward Hall of Justice

| CASE NAME:<br>Taina Napoto v. DHL Express (USA), Inc. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>☐ Limited  ☒ Unlimited | **Complex Case Designation**<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 181 1) | CASE NUMBER: HG 0 9 4 3 9 7 7 8<br>ASSIGNED JUDGE: |

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☒ Other employment (15) | ☐ Writ of mandate (02) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Breach of contract/warranty (06) | ☐ Other judicial review (39) |
| ☐ Asbestos (04) | ☐ Collections (e.g., money owed, open book accounts) (09) | **(Cal. Rules of Court, rules 1800-1812)** |
| ☐ Product liability (24) | ☐ Insurance coverage (18) | ☐ Antitrust/Trade regulation (03) |
| ☐ Medical malpractice (45) | ☐ Other contract (37) | ☐ Construction defect (10) |
| ☐ Other PI/PD/WD (23) | **Real Property** | ☐ Claims involving mass tort (40) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Eminent domain/Inverse condemnation (14) | ☐ Securities litigation (28) |
| ☐ Business tort/unfair business practice (07) | ☐ Wrongful eviction (33) | ☐ Toxic tort/Environmental (30) |
| ☐ Civil rights (e.g., discrimination, false arrest) (08) | ☐ Other real property (e.g., quiet title) (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Defamation (e.g., slander, libel) (13) | **Unlawful Detainer** | **Enforcement of Judgment** |
| ☐ Fraud (16) | ☐ Commercial (31) | ☐ Enforcement of judgment (e.g., sister state, foreign, out-of-county abstracts) (20) |
| ☐ Intellectual property (19) | ☐ Residential (32) | **Miscellaneous Civil Complaint** |
| ☐ Professional negligence (e.g., legal malpractice) (25) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Other non-PI/PD/WD tort (35) | **Judicial Review** | ☐ Other complaint (not specified above) (42) |
| **Employment** | ☐ Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| ☒ Wrongful termination (36) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| | | ☐ Other petition (not specified above) (43) |

2. This case ☐ is  ☒ is not  complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought (check all that apply):
   a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action (specify): Three

5. This case ☒ is  ☐ is not  a class action suit.

Date: March 5, 2009

Kenneth H. Yoon
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>982 2(b)(1) [Rev. January 1, 2000] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 982.2, 1800-1812;<br>Standards of Judicial Administration, § 19<br>Judicial Council Forms on HotDocs |

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
> is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages
of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs
Act (DRPA), information about the availability of local dispute resolution
programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use
of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.**

Rev 4/05

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association. Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA  94612
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator *(CRC 1615b.&.c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

**Kenneth H. Yoon**
Attorney at Law
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017

ll.lll.ll....lll..l..lll.l
DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC.
c/o C T CORPORATION SYSTEM
818 WEST SEVENTH ST
LOS ANGELES, CA 90017

POS-010

ENDORSED
FOR COURT USE ONLY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Kenneth H. Yoon (SBN 198443)<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90017<br>TELEPHONE NO. (213) 612-0988   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Taina Napoto | ALAMEDA COUNTY<br><br>MAR 1 7 2009<br><br>CLERK OF THE SUPERIOR COURT<br>By   PATSY SMITH<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

| PLAINTIFF/PETITIONER: Taina Napoto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No. |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      DHL EXPRESS (USA), INC.

   b. Person served: [ ] party in item 3a  [X] other *(specify name and relationship to the party named in item 3a):*
      C T CORPORATION SYSTEM, Authorized Agent

4. Address where the party was served: 818 WEST SEVENTH ST., LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 9, 2009  (2) at *(time):* 12:50p
   b. [ ] **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Napoto | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:           (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested   (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify)*:

    c. ☐ as occupant.

    d. ☒ On behalf of *(specify)*: DHL EXPRESS (USA), INC.

    under the following Code of Civil Procedure section:

        ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

                                    ☐ other:

7. **Person who served papers**

    a. Name: Kenneth Yoon

    b. Address: 1 Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017

    c. Telephone number: 213.612.0988

    d. **The fee for service was:** $0.00

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☒ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☐ registered California process server:

            (i) ☐ owner ☐ employee ☐ independent contractor.

            (ii) Registration No.:

            (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 9, 2009

Kenneth Yoon                  ▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>Kenneth H. Yoon (SBN 198443)<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 612-0988   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Taina Napoto | **FOR COURT USE ONLY**<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 1 6 2009<br><br>CLERK OF THE SUPERIOR COURT<br>By ____ PATSY SMITH<br>DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Taina Napoto | CASE NUMBER:<br>HG09439778 |
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No. |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      DHL INFORMATION SERVICES (AMERICAS), INC.

   b. Person served: [ ] party in item 3a  [X] other *(specify name and relationship to the party named in item 3a):*
      C T CORPORATION SYSTEM, Authorized Agent

4. Address where the party was served: 818 WEST SEVENTH ST., LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* March 9, 2009  (2) at *(time):* 12:50p
   b. [ ] **by substituted service.** On *(date):*       at *(time):*       I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*       from *(city):*       or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. July 1, 2004]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10
*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: Napoto | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date)*:                                    (2) from *(city)*:

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* DHL INFORMATION SERVICES (AMERICAS), INC.
      under the following Code of Civil Procedure section:

      | | |
      |---|---|
      | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
      | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
      | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
      | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
      | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
      | | ☐ other: |

7. **Person who served papers**
   a. Name: Kenneth Yoon
   b. Address: 1 Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017
   c. Telephone number: 213.612.0988
   d. The fee for service was: $0.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ registered California process server:
          (i) ☐ owner  ☐ employee  ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 9, 2009

Kenneth Yoon
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*
(SIGNATURE)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kenneth H. Yoon (SBN 198443)<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90017<br>TELEPHONE NO. (213) 612-0988    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Taina Napoto | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 1 6 2009<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ PATSY SMITH _____<br>Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Taina Napoto | CASE NUMBER |
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No. |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC.

   b. Person served: [ ] party in item 3a  [X] other *(specify name and relationship to the party named in item 3a):*
      C T CORPORATION SYSTEM, Authorized Agent

4. Address where the party was served: 818 WEST SEVENTH ST., LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date):* March 9, 2009  (2) at *(time):* 12:50p
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Napoto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |

c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                    (2) from *(city)*:

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐  as an individual defendant.
    b. ☐  as the person sued under the fictitious name of *(specify):*
    c. ☐  as occupant.
    d. ☒  On behalf of *(specify):* DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC.
        under the following Code of Civil Procedure section:

        ☒ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                         ☐ other:

7. Person who served papers
    a. Name: Kenneth Yoon
    b. Address: 1 Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017
    c. Telephone number: 213.612.0988
    d. The fee for service was: $0.00
    e. I am:
        (1) ☐  not a registered California process server.
        (2) ☒  exempt from registration under Business and Professions Code section 22350(b).
        (3) ☐  registered California process server
            (i) ☐  owner   ☐  employee   ☐  independent contractor.
            (ii) Registration No.:
            (iii) County:

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 9, 2009

Kenneth Yoon
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                 ▶              (SIGNATURE)

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Kenneth H. Yoon (SBN 198443)<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90017<br>    TELEPHONE NO. (213) 612-0988    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Taina Napoto | *FOR COURT USE ONLY*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 1 6 2009<br><br>CLERK OF THE SUPERIOR COURT<br>By    PATSY SMITH |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
    STREET ADDRESS: 24405 Amador Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: Hayward, CA 94544
    BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Taina Napoto | CASE NUMBER: |
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  summons
   b. [X]  complaint
   c. [X]  Alternative Dispute Resolution (ADR) package
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [ ]  other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      DHL SOLUTIONS (USA), INC.

   b. Person served:  [ ] party in item 3a  [X] other *(specify name and relationship to the party named in item 3a):*
      C T CORPORATION SYSTEM, Authorized Agent

4. Address where the party was served: 818 WEST SEVENTH ST., LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date):*  March 9, 2009   (2) at *(time):* 12:50p
   b. [ ]  **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. July 1, 2004]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: Napoto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL Express (USA), Inc., et al. | HG09439778 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*            (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* DHL SOLUTIONS (USA), INC.

     under the following Code of Civil Procedure section:

☒ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)

☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)

☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

☐ 416.50 (public entity)      ☐ 415.46 (occupant)

                                            ☐ other:

7. **Person who served papers**

a. Name: Kenneth Yoon

b. Address: 1 Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017

c. Telephone number: 213.612.0988

d. The fee for service was: $0.00

e. I am:

(1) ☐ not a registered California process server.

(2) ☒ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date March 9, 2009

Kenneth Yoon

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(SIGNATURE)*

**PROOF OF SERVICE OF SUMMONS**

*LexisNexis® Automated California Judicial Council Forms*