1   RAO ONGARO LLP
    Anthony J. Rao (SBN 173512)
2    arao@rao-ongaro.com
    40 Wall Street, 28th Floor
3   New York, NY 10005
    Telephone: (646) 512-5648
4   Facsimile: (646) 512-5666

5   RAO ONGARO LLP
    David R. Ongaro (SBN 154698)
6    dongaro@rao-ongaro.com
    David R. Burtt (SBN 201220)
7    dburtt@rao-ongaro.com
    595 Market Street, Suite 610
8   San Francisco, CA  94105
    Telephone: (415) 433-3902
9   Facsimile: (415) 433-3950

10  Attorneys for Defendants
    DHL EXPRESS (USA), INC.,
11  DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC.,
    DHL INFORMATION SERVICES (AMERICAS), INC.,
12  and DHL SOLUTIONS (USA), INC.

13

                    UNITED STATES DISTRICT COURT
14
            NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)
15

16  TAINA NAPOTO, as an individual and on      )  Case No. C09-01551
    behalf of others similarly situated,        )
17                                              )  **NOTICE OF MOTION AND MOTION**
                    Plaintiff,                   )  **TO DISMISS CLASS ACTION**
18                                              )  **COMPLAINT FOR LACK OF**
            v.                                   )  **SUBJECT MATTER JURISDICTION**
19                                              )  **AND MOTION TO STRIKE,**
    DHL EXPRESS (USA), INC., an Ohio            )  **MEMORANDUM OF POINTS AND**
20  Corporation; DHL GLOBAL CUSTOMER           )  **AUTHORITIES SUPPORTING SAME**
    SOLUTIONS (USA), INC., an Ohio              )
21  Corporation, DHL INFORMATION               )  **[FED.R.CIV.PROC. 12(B)(1),**
    SERVICES (AMERICAS), INC., an Ohio          )  **FED.R.CIV.PROC. 12(F)]**
22  Corporation, DHL SOLUTIONS (USA), INC.,    )
    an Ohio Corporation, and DOES 1 through 100, )  Judge: Hon. Jeffrey S. White
23  inclusive,                                   )  Date:  May 22, 2009
                                                )  Time:  9:00 A.M.
24                  Defendants.                   )  Ctrm:  11, 19th Floor
                                                )
25

26

27

28
    _____
    NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

1

## NOTICE OF MOTION AND MOTION

2      TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

3   OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

4      PLEASE TAKE NOTICE that on May 22, 2009, at 9:00 a.m., or as soon thereafter as

5   counsel may be heard, in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate

6   Ave., San Francisco, California 94102, Defendants DHL EXPRESS (USA), INC., DHL

7   GLOBAL CUSTOMER SOLUTIONS (USA), INC., DHL INFORMATION SERVICES

8   (AMERICAS), INC., and DHL SOLUTIONS (USA), INC. (collectively "Defendants") will

9   jointly move and do move: (1) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure,

10  to dismiss the Complaint for lack of standing; and (2) pursuant to Rule 12(f) of the Federal Rules

11  of Civil Procedure, for the entry of an order striking the following portions of Plaintiff TAINA

12  NAPOTO's ("Plaintiff") class action complaint ("the Complaint"):

13
        1.    Paragraph 22 of Plaintiff's Complaint: "(a) a class of all current and
14            former employees of DEFENDANTS in California at any time from four
              years prior to the date of the filing of this action through the present who,
15            based on DEFENDANTS' records, had their vested vacation pay
              (including, but not limited to, personal days, personal holidays, floating
16            holidays, and/or paid time off) forfeited and not paid to them; and (b) a
              class of all former employees of DEFENDANTS in California at any time
17            from four years prior to the date of the filing of this action through the
              present who were not paid their final wages within 72 hours of the date
18            DEFENDANTS records show their employment ended."

19
        2.    Paragraph 43 of Plaintiff's Complaint: "DEFENDANTS' wrongful and illegal
20            conduct in failing to comply with Labor Code § 227.3 despite the clear legal
              obligation to do so, unless and until enjoined and restrained by order of this court,
21            will cause great and irreparable injury to Plaintiff and all members of the class in
              that DEFENDANTS will continue to violate these California laws, represented by
22            labor statutes, unless specifically ordered to comply with same.  This expectation
              of future violations will require current and future employees to repeatedly and
23            continuously seek legal redress in order to gain compensation to which they are
              entitled under California law.  Plaintiff has no other adequate remedy at law to
24            ensure future compliance with the California labor laws alleged to have been
25            violated herein."

26
        3.    Plaintiff's Complaint, Prayer, pg. 12, lines 8-9: "Upon the Third Cause of Action,
27            for an injunction requiring DEFENDANTS to give notice to persons to whom
              restitution is owing of the means by which to file for restitution."
28

---

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

1

1    The Motion to Dismiss is based on the following grounds: Plaintiff's Complaint alleges

2  that Defendants failed to timely pay her vested and accrued vacation time when her

3  "employment" allegedly terminated, in violation of California Labor Code section 227.3 and

4  section 203.  Plaintiff, however, has never been an employee of any Defendant.  As such,

5  Plaintiff does not have standing to sue Defendants individually or on behalf of the class of

6  employees she purports to represent.

7    The Motion to Strike is based on the following grounds: Plaintiff's Complaint seeks to

8  utilize the four-year statute of limitations period of California's Unfair Competition Law, Cal.

9  Bus. and Prof. Code § 17200, *et seq*. ("UCL"), to recover penalties reaching back four years,

10  rather than the one or three years allowed under Cal. Lab. Code § 203.  Section 203 penalties

11  may not be recovered as restitution under the UCL.  Also, because Plaintiff's Complaint seeks

12  monetary relief, penalties and injunctive relief, she alleges she was a former "employee" of

13  Defendants (Defendants deny this), she has not alleged facts demonstrating that she realistically

14  is threatened by repetition of the alleged violations, and she cannot establish that the monetary

15  damages sought are secondary to the injunctive relief sought, Plaintiff lacks standing to pursue

16  injunctive relief and all references to injunctive relief set forth in the Complaint should also be

17  stricken.

18    This Motion is based upon this Notice of Motion, the Memorandum of Points and

19  Authorities filed concurrently herewith, the Declaration of Anthony J. Rao, the Declaration of

20  Henry Bennett, the [Proposed] Order, the papers and records on file with this Court, and such

21  other oral and documentary evidence as may be presented to this Court at or before the hearing

22  on this Motion.

23    **MEMORANDUM OF POINTS AND AUTHORITIES**

24  **I.    INTRODUCTION AND STATEMENT OF FACTS**

25    Plaintiff TAINA NAPOTO ("Plaintiff"), as an individual and on behalf of others

26  similarly situated, filed a class action complaint ("Complaint") against Defendants DHL

27  EXPRESS (USA), INC., DHL GLOBAL CUSTOMER SOLUTIONS (USA), INC., DHL

28

---

1   INFORMATION SERVICES (AMERICAS), INC., and DHL SOLUTIONS (USA), INC.

2   (collectively, "Defendants").  The Complaint seeks to certify: "(a) a class of all current and

3   former employees of DEFENDANTS in California at any time from four years prior to the date

4   of the filing of this action through the present who, based on DEFENDANTS' records, had their

5   vested vacation pay (including, but not limited to, personal days, personal holidays, floating

6   holidays, and/or paid time off) forfeited and not paid to them; and (b) a class of all former

7   employees of DEFENDANTS in California at any time from four years prior to the date of the

8   filing of this action through the present who were not paid their final wages within 72 hours of

9   the date DEFENDANTS' records show their employment ended."  *Complaint*, ¶ 22.

10        Plaintiff's Complaint alleges that Defendants failed to timely pay her vested and accrued

11   vacation time (vacation, personal days, personal holidays, floating holidays, and/or paid time off)

12   when her "employment" allegedly terminated, in violation of California Labor Code section

13   227.3 ("Section 227.3") and section 203 ("Section 203").  Plaintiff, however, has never been an

14   employee of any Defendant.  After being served with the Complaint, Defendants searched their

15   PeopleSoft personnel and payroll databases housing certain employee information for the name

16   "Taina Napoto," "Taina," and "Napoto" and did not obtain any results.  This means Plaintiff

17   most likely is an independent contractor or employee of a third-party contractor which performs

18   services for a single Defendant.  As such, Plaintiff does not have standing to sue Defendants

19   individually or on behalf of the class of employees she purports to represent.  Her Complaint

20   must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

21        Separate from her Section 203 claim, Plaintiff also pleads a claim under California's

22   Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, *et seq.* ("UCL" or "Section 17200"),

23   that is entirely derivative of her Section 203 claim.  That is, Plaintiff seeks to utilize the UCL's

24   four-year statute of limitations to recover penalties reaching back four years, rather than the one

25   or three years (from the date the putative class ultimately is certified, if ever) allowed under

26   Section 203.[1]  Assuming the Complaint is not dismissed, Plaintiff may not extend the statute of

27   _____

    [1] Defendants dispute, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action
28   can properly proceed as a class action.

─────────────────────────────────────────

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

1  limitations beyond the one or three-year statutory period provided under Section 203.  It is

2  thoroughly established that Section 203 penalties may not be recovered as restitution under

3  Section 17200.  Accordingly, Defendants move to strike all portions of Plaintiff's Complaint

4  wherein she refers to the UCL's four-year statute of limitations in relation to the recovery of

5  Section 203 penalties.

6        Also, assuming the Complaint is not dismissed, because Plaintiff's Complaint seeks

7  monetary relief, penalties and injunctive relief, she alleges she was a former "employee" of

8  Defendants (Defendants deny this), she has not alleged facts demonstrating that she realistically

9  is threatened by repetition of the alleged violations, and she cannot establish that the monetary

10  damages sought are secondary to the injunctive relief sought, Plaintiff lacks standing to pursue

11  injunctive relief and all references to injunctive relief set forth in the Complaint should be

12  stricken.

13  **II.   ANALYSIS**

14        A complaint must be dismissed under Fed.R.Civ.P. 12(b)(1) if, considering the factual

15  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

16  Constitution, laws, or treaties of the United States, or does not fall within one of the other

17  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

18  controversy within the meaning of the Constitution; or (3) is not one described by any

19  jurisdictional statute.  *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691 (1962).  When considering

20  a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the

21  pleadings, but may review any evidence to resolve factual disputes concerning the existence of

22  jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489

23  U.S. 1052, 109 S.Ct. 1312 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th

24  Cir. 1983).

25        Under Federal Rule of Civil Procedure 12(f), the court may order stricken from any

26  pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

27  matter.  Fed.R.Civ.P. 12(f).  A defendant may move to strike language seeking relief that is not

28

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

4

1   recoverable as a matter of law.  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D.Cal.

2   1996); *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559, 560 (8th Cir. 1974).   The

3   purpose of Rule 12(f) is to "minimize delay, prejudice, and confusion by narrowing the issues for

4   discovery and trial."  *Geer v. Cox*, 242 F.Supp.2d 1009, 1025 (D.Kan. 2003).  "When allegations

5   in a complaint are entirely collateral and immaterial to the underlying claims, they should be

6   stricken." *Id.*

7         **A.**    **Plaintiff Bears the Burden of Establishing Subject Matter Jurisdiction**

8         A federal court is presumed to lack subject matter jurisdiction until *plaintiff* establishes

9   otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673

10  (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore,

11  Plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Vacek v. United*

12  *States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) (burden of establishing subject matter

13  jurisdiction "rests upon the party asserting jurisdiction"); *Trentacosta v. Frontier Pacific Aircraft*

14  *Industries, Inc.,* 813 F.2d 1553, 1559 (9th Cir. 1987) (plaintiff bears burden of proof where

15  defendant challenges factual basis for subject matter jurisdiction); *Thornhill Publishing Co., Inc.*

16  *v. Gen'l Tel & Elect. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

17        **B.**    **Plaintiff Lacks Standing to Sue**

18        The standing doctrine involves both constitutional limitations on federal court jurisdiction

19  and prudential limitations on its exercise.  *Kowlaski v. Tesmer,* 543 U.S. 125, 128-29, 125 S.Ct.

20  564 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197 (1975).  Under Article III

21  of the Constitution, a federal court cannot consider the merits of a legal claim unless the person

22  seeking to invoke the jurisdiction of the court establishes the requisite standing to sue.  *Whitmore*

23  *v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717 (1990).  To establish the constitutional aspect of

24  standing, the court must determine whether the plaintiff has made out a case or controversy

25  between plaintiff and the defendant within the meaning of Article III by demonstrating a

26  sufficient personal stake in the outcome.  *Warth v. Seldin*, 422 U.S. at 498.

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

1    A litigant demonstrates standing by showing that she has suffered an injury in fact that is

2  fairly traceable to the challenged action and is redressable by a favorable judicial decision. *Steel*

3  *Company v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 1017 (1998).  To

4  demonstrate constitutional standing, a plaintiff must prove: (1) that she suffered an injury in fact;

5  (2) the existence of a causal connection specifically traceable to the unconstitutional conduct of a

6  defendant; and (3) the likelihood that a favorable outcome will redress the injury.[2] *Lujan v.*

7  *Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130 (1992).[3]

8    The California Labor Code and Wage Orders apply only when an employer-employee

9  relationship exists.   Cal. Lab. Code § 3357; *Post v. Palo/Haklar & Assoc.,* 23 Cal.4th 942 (2000)

10  (unless a worker is an employee, he is not entitled to the laws' protections); *Jacobson v.*

11  *Schwarzenegger*, 357 F.Supp.2d 1198, 1214 (C.D.Cal. 2004) (California Labor Code does not

12  cover independent contractors).  Independent contractors are not considered employees and thus,

13  neither the Labor Code nor Wage Orders apply to them. *Division of Labor Standards*

14  *Enforcement Operations and Procedures Manual* §§ 43.6.5, 43.6.6 (independent contractors are

15  not employees and are, therefore, not subject to the Wage Orders).

16    Here, Plaintiff cannot establish that she was an employee of any Defendant at any time in

17  California.  Her Complaint does not assert the Defendant for whom she worked, or her place of

18  residence (which would have narrowed down the possibilities).[4]  After being served with the

19  Complaint, Defendants searched their PeopleSoft personnel and payroll databases housing

20  certain employee information for the name "Taina Napoto," "Taina," and "Napoto" and did not

21  obtain any results. *Declaration of Henry Bennett*, ¶ 2.  This means Plaintiff most likely is an

22

23  [2] Plaintiff cannot establish associational or third-party standing either. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 552, 116 S.Ct. 1529 (1996) (an association satisfying the proper prerequisites may sue to redress its members' injuries, even without a showing of injury to the association

24  itself); *Powers v. Ohio*, 499 U.S. 400, 410-11, 111 S.Ct. 1364 (1991) (a litigant can bring an action on behalf of third parties where: (1) the plaintiff has suffered an "injury in fact" sufficient to give him or her a "sufficiently concrete

25  interest" in the outcome of the issue in dispute; (2) the litigant has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his or her own interests).

26  [3] An "injury in fact" must be "concrete and particularized" as well as "actual or imminent." *Lujan*, 504 U.S. at 560. A generalized, hypothetical or conjectural injury is insufficient to establish Article III standing. *Id*.

27  [4] Prior to filing this motion, counsel for Defendants sought this information from Plaintiff's Counsel but did not receive a response.

28

1   independent contractor or employee of a third-party contractor which performs services for a

2   single Defendant. *Id.,* at ¶ 3. Defendants do not maintain individual records of independent

3   contractors or their employees. *Id.* DHL maintains cartage agreements or other contracts with

4   various separate third-party providers. *Id.* There is no way for Defendants to determine what

5   third-party entity employs or contracts with Plaintiff. *Id.*

6         As such, Plaintiff has not alleged and cannot establish that she suffered an injury in fact

7   as an employee of a Defendant fairly traceable to a Defendant's conduct as an employer. Plain

8   and simple, Plaintiff does not have standing to bring Labor Code claims on her behalf or on

9   behalf of the putative class members. *See, e.g., Lierboe v. State Farm Mutual Automobile Ins.*

10  *Co*., 350 F.3d 1018, 1022-23 and n. 6 (9th Cir. 2003) (holding class action must be dismissed

11  where named plaintiff lacks standing); *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1214

12  (C.D.Cal. 2004) (dismissing Labor Code claim because plaintiff could not establish he was an

13  employee); *Walters v. Edgar,* 163 F.3d 430, 432-33, 437 (7th Cir. 1998) (affirming dismissal of

14  class action where named plaintiffs lacked standing). Defendants' motion to dismiss should be

15  granted in its entirety.

16       **C.**     **Because Plaintiff Lacks Standing to Sue, Her Claims are Not Typical of the**
             **Purported Putative Class She Attempts to Represent, and She is Not an**

17               **Adequate Representative[5]**

18        Because Plaintiff lacks standing and is not a member of the purported class she attempts

19  to represent, she cannot establish the likelihood that a favorable outcome will redress the injury

20  asserted on behalf of the class.

21              1.     <u>Plaintiff's Claims Are Not Typical</u>

22        Although the commonality and typicality requirements of Rule 23(a) tend to merge, each

23  factor serves a discrete purpose. Commonality examines the relationship of facts and legal

24  issues common to class members, while typicality focuses on the relationship of facts and issues

25  between the class and its representatives. *General Telephone Company of the Southwest v.*

26  *Falcon,* 457 U.S. 147, 158, fn.13, 102 S.Ct. 2364 (1982). "The test of typicality is whether other

27  _____

[5] Defendants set forth these arguments in support of their motion to dismiss. Defendants do not waive any class

28  argument by not fully analyzing Rule 23(a) and 23(b)(1), (2) or (3).

1   members have the same or similar injury, whether the action is based on conduct which is not

2   unique to the named plaintiffs, and whether other class members have been injured by the same

3   course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992); *Pence v.*

4   *Andrus*, 586 F.2d 733, 737 (9th Cir. 1978) ("in class actions, the named representatives must

5   allege and show that they personally have been injured, not that injury has been suffered by

6   other, unidentified members of the class to which they belong and which they purport to

7   represent").

8          In *Ross v. U.S. Bank National Association*, 542 F.Supp.2d 1014, 1023 (N.D.Cal. 2008),

9   this Court held that because certain California class plaintiffs did not allege and could not

10  establish that they suffered injury as a result of a wage law violation, they did not have standing

11  to sue on their own or on behalf of others.[6]  Similarly, because Plaintiff cannot establish that she

12  was an employee for any Defendant in California, she cannot establish an injury, and she cannot

13  establish a course of conduct by any Defendant which affected her, Plaintiff's claims are not

14  typical of the claims of the purported class she attempts to represent.  Thus, she cannot serve as a

15  class representative.  *Sosna v. Iowa*, 419 U.S. 393, 402-03, 95 S.Ct. 553 (1975) (a litigant must

16  be a member of the class which he or she seeks to represent).[7]  Her complaint must be dismissed.

17              2.        Plaintiff is Not an Adequate Class Representative

18         Rule 23(a)(4) requires a showing that "the representative parties will fairly and

19  adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).  This requirement is

20  grounded in constitutional due process concerns; "absent class members must be afforded

21  adequate representation before entry of judgment which binds them." *Hanlon v. Chrysler Corp.,*

22  150 F.3d 1011, 1020 (9th Cir. 1998) (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43, 61 S.Ct. 115

23  (1940)).  Because Plaintiff cannot establish that she was an employee for any Defendant in

---

24  [6] The *Ross* court also held that because certain class plaintiffs did not work in Washington and could not have
25  suffered injury as a result of a violation of Washington law, they did not have standing to sue on their own or on
    behalf of other Washington employees.  *Ross,* 542 F.Supp.2d at 1023.
26  [7] To the extent Plaintiff requests discovery to find a new class representative, that request must be denied because
    the original Plaintiff never had standing to sue.  *See Lierboe v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018 (9th
27  Cir. 2003) ("[W]here the sole named plaintiff 'never had standing' to challenge a township's poor-relief eligibility
    guidelines, and where 'she never was a member of the class she was named to represent,' the case must be remanded
28  with instructions to dismiss").

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

1  California, Plaintiff is not an adequate class representative. *Sosna,* 419 U.S. at 402-03 (a litigant

2  must be a member of the class which he or she seeks to represent).  Her complaint must be

3  dismissed.

4      **D.      Assuming Plaintiff's Complaint is Not Dismissed in its Entirety, Plaintiff's
            Four Year Limitations Period For Waiting Time Penalties Must be Stricken**

5

6          In *McCoy v. Superior Court*, 157 Cal.App.4th 225, 233 (2007), the court held that the

7  three-year statute of limitations period set forth in Labor Code section 203 applies only if

8  penalties are sought in conjunction with an action for the unpaid wages.[8]  If an action seeks to

9  recover only waiting time penalties under section 203, the one-year statute of limitations period

10 found in Code of Civil Procedure section 340(a) applies. *Id.* at 233.  Recently, the First

11 Appellate District in *Pineda v. Bank of America, N.A.,* 170 Cal.App.4th 388, 391 (Jan. 21, 2009)

12 held in the published portion of its opinion: "… section 203 penalties may not be recovered as

13 restitution under Business and Professions Code section 17203." *Id.*, at 391.  This holding is in

14 line with federal precedent on the subject. *See Montecino v. Spherion Corp.,* 427 F.Supp.2d 965,

15 967 (C.D.Cal. 2006) ("§ 203 payments are clearly a penalty, and thus cannot be claimed pursuant

16 to the UCL"); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 619

17 (N.D.Cal. 2007); *Tomlinson v. Indymac Bank, F.S.B.,* 359 F.Supp.2d 891, 895 (C.D.Cal. 2005)

18 ("[a section 203 penalty] clearly is not restitutionary, and thus cannot be recovered under the

19 UCL").  In other words, while unpaid wages themselves may be recovered as restitution under

20 the UCL with its four-year statute of limitations period (*Cortez v. Purolator Air Filtration*

21 *Products Co.,* 23 Cal.4th 163, 178 (2000)), Labor Code section 203's shorter limitations period

22 (one or three years) applies to claims for waiting time penalties associated with the unpaid

23 wages.

24

25 [8] Section 203 contains an express provision stating that the statute of limitations for the claim is the same as that to
26 recover unpaid wages, *i.e.*, one or three years.  Cal. Lab. Code § 203; Cal. Civ. Proc. Code § 338(a).  Section 203
   expressly provides that the money an employee recovers for late payment of a final paycheck constitutes a penalty:
27 "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202,
   and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a
28 penalty from the due date thereof at the same rate until paid or until an action therefor is commenced."

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME

9

1    Plaintiff alleges that Defendants' failure to timely pay her accrued vacation pay upon

2 "termination" constitutes an unfair business practice under the UCL.  Paragraph 22 of Plaintiff's

3 Complaint defines the putative classes as:

4    (a) a class of all current and former employees of DEFENDANTS in California at
5    any time from four years prior to the date of the filing of this action through the
     present who, based on DEFENDANTS' records, had their vested vacation pay
6    (including, but not limited to, personal days, personal holidays, floating holidays,
     and/or paid time off) forfeited and not paid to them; and (b) a class of all former
7    employees of DEFENDANTS in California at any time from four years prior to
     the date of the filing of this action through the present who were not paid their
8    final wages within 72 hours of the date DEFENDANTS records show their
     employment ended.
9

10   Based on the statute of limitations applicable to UCL claims, Plaintiff seeks to define the

11 relevant class period as four years and thereby recover Section 203 penalties reaching back four

12 years.  Plaintiff cannot do this.  The Court should strike all references to restitution or recovery

13 of penalties under the UCL's four year limitations period.  The putative class definition should

14 be:

15   (a) a class of all current and former employees of DEFENDANTS in California at
     any time from four years prior to the date the class is certified through the present
16   who, based on DEFENDANTS' records, had their vested vacation pay (including,
     but not limited to, personal days, personal holidays, floating holidays, and/or paid
17   time off) forfeited and not paid to them (Section 203 penalties are available for
     three years from the date the class is certified); and (b) a class of all former
18   employees of DEFENDANTS in California at any time from four years prior to
     the date the class is certified through the present who were not paid their final
19   wages within 72 hours of the date DEFENDANTS records show their
     employment ended (Section 203 penalties are available for one year from the date
20   the class is certified).
21

22   **E.    Injunctive Relief Sought in Plaintiff's Complaint Should be Stricken**

23   Plaintiff's Complaint seeks monetary relief, penalties, and injunctive relief.  *Complaint,*

24 *Prayer.*  Plaintiff alleges she is a *former* "employee" of Defendants (Defendants deny this).  *Id.*,

25 at ¶ 9.  Plaintiff has not alleged facts demonstrating that she realistically is threatened by

26 repetition of the alleged violations.  *See, e.g., Walsh v. Nevada Dept. of Human Resources,* 471

27 F.3d 1033, 1037 (9th Cir. 2006) (finding that plaintiff had no standing to pursue injunctive relief

28

1   where she no longer worked for the defendant and where she did not allege in the complaint that

2   she was interested in returning to work for defendant); *see Deitz v. Comcast Corp.,* 2006 WL

3   3782902 at *4 (N.D.Cal. Dec. 21, 2006) (plaintiff lacked standing to seek injunctive relief where

4   he no longer subscribed to cable services and did not state he would subscribe if challenged

5   practices were enjoined).[9]  As such, Plaintiff lacks standing to pursue injunctive relief on behalf

6   of the class she purports to represent.

7         Also, where a plaintiff seeks monetary and injunctive relief, she must demonstrate that

8   the "damages are not the 'predominant' relief sought, but instead are secondary to the primary

9   claim for injunctive or declaratory relief."  *Molski v. Gleich*, 318 F.3d 937 947 (9th Cir. 2003).

10  Here, Plaintiff cannot possibly meet this standard because, as an alleged former "employee,"

11  Plaintiff lacks standing to pursue injunctive relief.  In other words, because Plaintiff lacks

12  standing to pursue injunctive relief, monetary damages cannot possibly be secondary to that

13  claim.

14        Thus, Plaintiff lacks standing to pursue injunctive relief and all references to injunctive

15  relief set forth in the Complaint should be stricken.  *See, Complaint,* ¶ 43(Defendants must be

16  "enjoined and restrained"); Prayer, ¶ 8 (seeking an injunction).

17  **III.    CONCLUSION**

18        Because Plaintiff has never been an employee of any Defendant, she does not have

19  standing to sue Defendants individually or on behalf of the class of employees she purports to

20  represent.  Because Plaintiff lacks standing to sue, her claims are not typical of the purported

21  putative class she attempts to represent, and she is not an adequate class representative.

22  Plaintiff's Complaint must be dismissed.  Assuming the Complaint is not dismissed in its

23  entirety, Plaintiff may not extend the statute of limitations beyond the one or three-year statutory

24  period provided under Section 203, and she may not recover injunctive relief.  As such,

25  ///

26

27  [9] *See also Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) ("When evaluating
whether [the standing] elements are present, we must look at the facts 'as they exist at the time the complaint was
filed.'" (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130 (1992)).

28

1    Defendants' motion to strike should be granted.

2
     DATED: April 15, 2009.                            RAO ONGARO BURTT & TILIAKOS LLP
3

4
                                                       By_____/S/_____
5                                                             Anthony J. Rao
                                                              David R. Ongaro
6                                                             David R. Burtt

7                                                      Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE CLASS COMPLAINT, P'S & A'S SUPPORTING SAME