**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAINA NAPOTO, | No. C 09-01551 JSW |
| Plaintiff, | **ORDER CONVERTING IN PART MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND RESERVING RULING AND GRANTING IN PART REMAINDER OF MOTION TO DISMISS** |
| v. | |
| DHL EXPRESS (USA), INC., et al., | |
| Defendants. | |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Dismiss and Motion to Stike filed by Defendants DHL Express (USA), Inc., DHL Global Customer Solutions (USA), Inc., DHL Information Servcies (Americas), Inc., DHL Solutions (USA), Inc., Danzas Corporation, and Exel Global Logistics, Inc. (collectively "the DHL Entities"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for July 17, 2009. The Court HEREBY CONVERTS IN PART the motion to dismiss to a motion for summary judgment and HEREBY GRANTS IN PART the remainder of the motion.

## BACKGROUND

Plaintiff Amanita "Taina" Naupoto ("Naupoto") is a former employee of employee of defendants Exel Global Logistics ("Exel") and Danzas Corporation ("Danzas"). (*See* Declaration of Taina Naupoto ("Naupoto Decl."), ¶ 3.) Naupoto alleges that she was "jointly employed" by the DHL Entities from March 1998 to May 30, 2008. (First Amended Complaint

("FAC") ¶ 9.) Naupoto alleges that she was entitled to vest and did accrue vacation time, including but not limited to vacation, personal days, personal holidays, floating holidays or paid time off (hereinafter "vacation time") and that she when she was terminated, she was not paid all of her vested and unused vacation time. (*Id.*) Naupoto also alleges that she was not paid all of her final wages within 72 hours of the end of her employment and was not provided with proper itemized wage statements. (*Id.*) Based on these allegations, she brings claims on behalf of herself and a putative class for: (1) violations of California Labor Code § 227.3; (2) violations of California Labor Code § 203; (3) violations of California Business & Professions Code § 17200, *et seq.*; (4) and violations of California Labor Code § 226. Naupoto seeks monetary damages and injunctive relief.

In the FAC, Naupoto alleges that "each of the [DHL Entities] named herein was the joint employer, agent, employer, alter ego and/or joint venturer of or working in concert with each of the other [DHL Entities] and was acting within the course and scope of such agency, employment, joint venture or concerted activity." (FAC ¶ 22; *see also id.* ¶ 23 (alleging DHL Entities "were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise").)

DHL Express (USA), Inc. ("DHL Express"), DHL Global Customer Solutions (USA), Inc. ("DHL Global"), DHL Information Services (Americas), Inc. ("DHL Information") and DHL Solutions (USA), Inc. ("DHL Solutions") move to dismiss all claims against them on the basis that they were not, and are not, Naupoto's employer under any theory of liability. Each of the DHL Entities also moves to dismiss claims against DHL Global Forwarding on the basis that it is a trade name. Finally, each of the DHL Entities moves to dismiss Naupoto's claims for injunctive relief on the basis that she has not alleged facts to show she has standing to pursue such claims.

//
//
//

2

# ANALYSIS

**A.      Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 2009 WL 1361536 at *12 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As general rule, the Court may not consider matters beyond the pleadings in ruling on a motion to dismiss under Rule 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted); *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 806 F.2d

3

1  1542, 1555 n.19 (9th Cir. 1989).  If however, a party submits materials that are beyond the

2  pleadings and the Court does not exclude the materials, the motion should be treated as a

3  motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and all parties

4  "must be given a reasonable opportunity to present all the material that is pertinent to the

5  motion."  Fed. R. Civ. P. 12(d).

6  Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any

7  pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

8  matter."  Immaterial matter "is that which has no essential or important relationship to the claim

9  for relief or the defenses being pleaded."  *California Dept. of Toxic Substance Control v. ALCO*

10 *Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations

11 omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary

12 to the issues in question."  *Id*.  Motions to strike are regarded with disfavor because they are

13 often used as delaying tactics and because of the limited importance of pleadings in federal

14 practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991).

15 **B.     Analysis.**

16     **1.     The Court Converts the Motion to Dismiss to a Motion for Summary
           Judgment and Reserves Ruling on The Issue of Which DHL Entities Are or
17     Were Naupoto's Employers.**

18 The DHL Entities, excluding Danzas and Exel, move to dismiss in part on the basis that

19 Naupoto has not alleged sufficient facts to show that they are or were her employers, and rely in

20 part on *Hibbs-Rines v. Seagate Technologies, LLC*, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009).

21 In that case, the plaintiff brought claims for wage violations claims that are similar to Naupoto's

22 claims in this case.  The plaintiff in *Hibbs-Rines* also contended that the defendants were liable

23 on a joint employer theory and alleged they were "the joint employers, parent companies,

24 successor companies, predecessors in interest, agents, employees, servants, joint venturers,

25 directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining

26 [[d]efendants."  *Id.* at *5.  The court found those allegations to be insufficient to state a claim,

27 and it struck the joint employment allegations with leave to amend.  *Id.*  Naupoto's allegations

28 fare no better than the plaintiff's allegations in the *Hibbs-Rines* case.  Although Naupoto "is not

4

required to conclusively establish that the defendants were her joint employers at the pleading stage, [she] must allege at least *some* facts in support of this legal conclusion." *Id.* Naupoto has not done so.

The DHL Entities, however, have not rested their motion solely upon the allegations in the FAC and have submitted declarations in support of their position that Naupoto cannot establish that they were her employer. Naupoto, in turn, has submitted a declaration with supporting exhibits in an effort to respond to the DHL Entities' motion and requests the opportunity to conduct discovery on her joint employer theory. Because the DHL Entities' motion implicates Naupoto's standing to assert claims against DHL Express, DHL Global, DHL Information, and DHL Solutions, the Court intends to convert the motion to dismiss to a motion for summary judgment.[1] The Court shall permit the parties to engage in limited discovery on this issue and sets forth the terms on which they shall proceed with that discovery and a further briefing schedule in the conclusion of this Order.

### 2. The Claims Against DHL Global Forwarding Are Dismissed With Leave to Amend.

The DHL Entities also move to dismiss the claims against DHL Global Forwarding on the basis that it is only a tradename and not a legal entity. Naupoto does not address this argument in her opposition, and the Court finds the argument well taken. However, if any of the defendants actually are operating under this tradename, Naupoto shall be given leave to amend to so identify those defendants once the Court has resolved the motion for summary judgment. *See, e.g., Ventura v. BEBO Foods, Inc.*, 595 F. Supp. 2d 77, 81 (D.D.C. 2009).

### 3. The Motion to Strike the Claims for Injunctive Relief is Granted.

The DHL Entities also move to strike Naupoto's claims for injunctive relief on the basis that she lacks standing to pursue such relief. "Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Idaho*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the Constitution's standing requirements, a plaintiff must show

---

[1] The Court finds this case warrants an exception to its normal requirement permitting only one motion per summary judgment per side.

5

(1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington v. Jefferson County*, 358 F.3d 626, 637-38 (9th Cir. 2004). In addition, "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief)). A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561.

In order to establish standing to seek injunctive relief, Naupoto must "demonstrate a credible threat of future injury which is sufficiently concrete and particularized to meet the 'case or controversy' requirement of Article III." *Stevens v. Harper*, 213 F.R.D. 358, 366 (E.D. Cal. 2002) (citing *Lujan*, 504 U.S. at 560-61 and *Lyons*, 461 U.S. at 101-04); *see also Fortyune v. American Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004) (plaintiff must demonstrate a "real and immediate threat of repeated injury"). "The imminent threat showing is a separate jurisdictional requirement, arising independently from Article III, that is grounded in the traditional limitations on the court's power to grant injunctive relief." *Stevens*, 213 F.R.D. at 366.

Naupoto was terminated on May 30, 2008, and filed this suit on March 6, 2009. Thus, as a former employee, Naupoto lacks standing to seek injunctive relief, because she cannot show that there is a real and immediate threat that she will suffer future wage and hour violations. *See Walsh v. Nevada Dep't of Human Resources,* 471 F.3d 1033, 1037 (9th Cir. 2006) (former employee did not have standing to seek injunctive relief where she did not allege an interest in returning to work); *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (holding that former student lacked standing to enjoin school because he was no longer enrolled at the school and had no plans to re-enroll); *Deitz v. Comcast Corp.*, 2006 WL

6

1  3782902 at *4 (N.D. Cal. Dec. 21, 2006) (citing *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037,

2  1044 (9th Cir. 1999)); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1002 n.7 (9th

3  Cir. 2006) ("It is well settled that at least one *named* plaintiff must satisfy the actual injury

4  component of standing in order to seek relief on behalf of himself or the class.") (internal

5  quotations and brackets omitted) (emphasis in original).

6  Naupoto relies on *Ellis v. Costco Wholesale Corp.*, 240 F.R.D. 627 (N.D. Cal. 2007) in

7  support of her argument that she can assert claims for injunctive relief on behalf of the putative

8  class.  However, *Ellis* was a discrimination case, as was *Bates v. United Parcel Service, Inc.*,

9  465 F.3d 1069 (9th Cir. 2006), on which the district court in *Ellis* relied, and in contrast to this

10  case, the alleged injury to the employees occurred during their employment.  The Court also

11  finds Naupoto's reliance on *Johnson v. GMRI, Inc.*, 2007 U.S. Dist. LEXIS 66058 (E.D. Cal.

12  Aug. 27, 2007) to be unpersuasive, in light of the requirement that a plaintiff must establish that

13  he or she has standing for each form of relief sought.  *Laidlaw*, 528 U.S. at 185; *cf. Hodgers-*

14  *Durgin*, 199 F.3d at 1045 ("Unless the named plaintiffs are themselves entitled to seek

15  injunctive relief, they may not represent a class seeking that relief.").

16  Accordingly, the Court grants the DHL Entities motion to strike Naupoto's claims for

17  injunctive relief.

## CONCLUSION

19  For the foregoing reasons, the DHL Entities' motion is granted in part with respect to

20  Naupoto's claims against DHL Global Forwarding and her claims for injunctive relief.  The

21  motion to dismiss claims against DHL Express, DHL Global, DHL Information, and DHL

22  Solutions shall be converted to a motion for summary judgment.  In order to provide all parties

23  with a reasonable opportunity to present all material pertinent to that motion, the parties shall be

24  permitted to engage in limited discovery on the "joint employer" issue, including but not limited

25  to whether the DHL Entities were joint employers, agents, alter-egos or joint venturers of each

26  other.  The parties shall complete discovery on this issue by no later than August 14, 2009.  The

27  DHL Entities shall file a supplemental brief in support of their motion by no later than August

28  28, 2009.  Naupoto shall file a supplemental opposition brief by September 4, 2009.  The DHL

7

Entities may file a supplemental reply brief by no later than September 11, 2009, and this matter shall be set down for a further hearing on Friday, September 25, 2009 at 9:00 a.m.  If after considering the parties' papers, the Court finds the matter suitable for disposition without oral argument, the Court shall notify the parties in advance of the hearing date.  If the parties wish to modify the briefing schedule set forth in this Order, they must submit a request to the Court demonstrating good cause for any such modification.  It is FURTHER ORDERED that in light of this Order, the initial case management conference set for July 31, 2009 at 1:30 p.m. shall be continued to September 25, 2009, immediately following the further hearing on the DHL Entities' motion.

**IT IS SO ORDERED.**

Dated: July 2, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8