| | |
|---|---|
| PETER M. HART (State Bar No. 198691) | RAO TILIAKOS LLP |
| LAW OFFICES OF PETER M. HART | Anthony J. Rao (SBN 173512) |
| 13952 Bora Bora Way, F-320 | arao@raotil.com |
| Marina Del Rey, CA 90292 | 90 Park Avenue, 18th Floor |
| Telephone: (310) 478-5789 | New York, NY 10024 |
| Facsimile: (509) 561-6441 | Telephone: (212) 455-9255 |
| hartpeter@msn.com | Facsimile: (212) 297-0005 |

LARRY W. LEE (State Bar No. 228175)
DIVERSITY LAW GROUP, A Professional Corporation
444 S. Flower Street, Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Attorneys for Defendants:
DANZAS CORPORATION, and
EXEL GLOBAL LOGISTICS, INC.

KENNETH H. YOON (State Bar No. 198443)
LAW OFFICES OF KENNETH H. YOON
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

Attorneys for Plaintiff
TAINA NAUPOTO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAINA NAPOTO, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DANZAS CORPORATION, an Ohio corporation, EXEL GLOBAL LOGISTICS, INC., a New York Corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 09-CV-01551  JSW<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties hereto are engaged in litigation and desire to exchange certain information to assist the parties in settlement discussions and mediation;

1   WHEREAS, some of the information and documents contain or relate to information of a
2   private or confidential nature, the disclosure of which might result in irreparable harm and/or
3   invasion of privacy, including inter alia, private or personnel documents of current or former
4   employees of Defendants;

5   THEREFORE, pursuant to the Federal Rules of Civil Procedure, the purpose of this
6   Protective Order is to permit the parties and their respective counsel to obtain certain
7   information, documents and things from each other and to reasonably limit disclosure of said
8   confidential information that may be exchanged and produced now and in the future during this
9   litigation;

10  IT IS HEREBY STIPULATED by the parties herein, through their counsel of record, as
11  follows:

12  1.   This agreement and protective order covers the information of employees and
13  former employees contained in the payroll database, and all related data and documents produced
14  by any party (collectively, the "materials"). This includes all data runs, spreadsheets and any
15  other data compilations that are prepared based upon the data contained in the payroll database.

16  2.   The provisions of this agreement and protective order shall apply to: (i) the parties
17  to this action, including, in the case of parties other than individuals, their independent
18  contractors, officers, directors, partners, in-house counsel and employees, (ii) counsel of record
19  in this action, as well as associates, paralegals, legal assistants, secretarial and clerical
20  employees, including outside copy services, who are assisting counsel in this action, (iii)
21  consultants retained or consulted in connection with this action, (iv) experts retained or consulted
22  in connection with this action, and (v) any other person or entity who produces or provides
23  information in this action and agrees to be bound by the terms of this agreement and protective
24  order, such as the mediator of this action.

25  3.   Any party or witness providing materials which that party or witness believes in
26  good faith are unavailable to the public, not readily determinable from other sources, and are or
27  have been treated as confidential by that party or witness may designate such materials as
28  CONFIDENTIAL.

4. A providing party or witness may designate as CONFIDENTIAL, in whole or in part, any materials by stamping materials as "confidential" or by so advising all other parties of the confidential nature of the materials. Any party or non-party may obtain confidential treatment for materials previously provided by any party or non-party without such designation if the party seeking the designation does so within thirty (30) days of providing the materials, and sends written notice of such designation to all other parties or non-parties in possession of such materials.

5. Confidential materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this agreement and protective order. A non-providing party shall not, except by consent of the providing party or witness, use CONFIDENTIAL materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with this litigation.

6. A non-providing party shall not, without the consent of the providing party or witness, disclose CONFIDENTIAL materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the litigation of this action:

(a) Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in this action;

(b) The named parties in this action and employees, officers, and directors of named parties;

(c) Any consultant retained or consulted in connection with this action;

(d) Any expert retained or consulted in connection with this action;

(e) Any private mediator retained or consulted in connection with this action;

(f) The Court and any persons employed in the Court whose duties require access to CONFIDENTIAL materials.

7. All persons to whom CONFIDENTIAL materials are disclosed pursuant to subparagraphs 6(a)-(f) shall be advised of the existence of this agreement and protective order.

All persons to whom materials are disclosed must agree to the terms of this agreement and protective order and abide by them.

8. Upon request made after conclusion of this action, within sixty (60) days of the conclusion of this action, all CONFIDENTIAL materials, including any summaries and copies thereof, shall be returned to the providing party or witness to be destroyed, or shall be destroyed. Within that time, counsel for receiving parties shall provide to the party or witness providing CONFIDENTIAL materials a declaration stating that all such materials, including copies or summaries thereof, have been returned or destroyed.

9. This agreement and protective order may be modified by written stipulation signed by the parties or counsel or by order of the Court.  Nothing in this agreement and protective order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

10. Neither the taking of any action in accordance with the provisions of this agreement and protective order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action.  This agreement and protective order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery.  The provision of materials subject to this agreement and protective order shall not constitute an admission as to the discoverability or admissibility at trial of any material.

11. The materials provided (those described in paragraph 1), are produced for the purposes of this litigation only, including but not limited to the purpose of potential class settlement and mediation.

12. Any violation of this agreement and protective order may result in a party requesting any available sanction by way of noticed motion, or ex-parte application if the requirements for an ex-parte application have been met.

13. This agreement and protective order may be signed on separate signature pages. These separate signature pages will become part of the integrated agreement and protective order. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

DATED: March 10, 2010                                RAO TILIAKOS LLP


                                                     By_____/s/_____
                                                              Anthony J. Rao

                                                     *Attorneys for Defendants*


DATED: March 10, 2010                                LAW OFFICES OF PETER M. HART


                                                     By_____/s/_____
                                                              Peter M. Hart


DATED: March 10, 2010                                DIVERSITY LAW GROUP


                                                     By_____/s/_____
                                                              Larry W. Lee


DATED: March 10, 2010                                LAW OFFICES OF KENNETH H. YOON


                                                     By_____/s/_____
                                                              Kenneth H. Yoon

                                                     *Attorneys for Plaintiff*