Peter M. Hart (State Bar No. 198691)
hartpeter@msn.com
Kimberly A. Westmoreland (State Bar No. 237919)
kwestmoreland.loph@gmail.com
Melissa Coyle (State Bar No. 232775)
mcoyle.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Kenneth H. Yoon (State Bar No. 198443)
kyoon@yoonlaw.com
Linda Whitehead (State Bar No. 222799)
lwhitehead@yoonlaw.com
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Taina Napoto and the Class
(Additional Plaintiff's Counsel on following page)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAINA NAPOTO, as an individual and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>    vs.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation; DANZAS CORPORATION, an Ohio corporation; EXEL GLOBAL LOGISTICS, INC., a New York corporation; and Does 1 through 100, inclusive,<br><br>       Defendants. | Case No.: 3:2009-CV-09-01551-JL<br><br>[~~PROPOSED~~] ORDER<br><br>Date:     November 17, 2010<br>Time:    9:30 a.m.<br>Ctrm.:   F, 15th Floor |

Additional Counsel for Plaintiff:

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower St., Suite 1370
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
lwlee@diversity-law.com

ERIC S. HONIG (State Bar No. 140765)
**LAW OFFICE OF ERIC HONIG**
P.O. Box 10327
Marina Del Rey, California 90295
Telephone: (310) 314-2603
Facsimile: (310) 314-2793
erichonig@aol.com

1       Individual Plaintiff Amanita Naupoto, also known as Taina Naupoto, erroneously suing under the misspelled name of Taina Napoto ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Settlement Agreement (the "Agreement"); (b) conditionally certifying a class for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Class Notice of Settlement and directing the manner of delivery thereof; (d) approving Kenneth H. Yoon, Esq. and the Law Offices of Kenneth H. Yoon, Peter M. Hart, Esq. and the Law Offices of Peter M. Hart, Larry W. Lee and Diversity Law Group, and Eric S. Honig, Esq. and the Law Office of Eric Honig as Class Counsel.

      IT IS HEREBY ORDERED THAT:

1.     The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendants Danzas Corporation, Exel Global Logistics, Inc., and DHL Express (USA), Inc. ("Defendants" and collectively, the "Parties"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member. Accordingly, the Court preliminarily finds that the Agreement was entered into in good faith.

2.     The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), on approval of the Agreement only given that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendants' records, the Plaintiff's claims are typical of those in the class and that there is adequate and fair representation.

3.     Accordingly, for purposes of the Agreement only, this litigation is hereby CONDITIONALLY CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(e).

4.  Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for settlement purposes only Kenneth H. Yoon, Esq. of the Law Offices of Kenneth H. Yoon, Peter M. Hart, Esq. of the Law Offices of Peter M. Hart, Larry W. Lee of Diversity Law Group, and Eric S. Honig, Esq. of the Law Office of Eric Honig.  Plaintiff is approved as Class Representative for the settlement class for settlement purposes only.

5.  The Court hereby APPROVES Rust Consulting, Inc. as Claims Administrator for the purposes of this settlement.

6.  A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on  May 4, 2011  at  9 : 30  am/~~pm~~ at  Dept. F , for the following purposes:

    a.  to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class;

    b.  to determine whether the proposed Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

    c.  to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releases should be released of and from the Released Claims as provided in the Agreement;

    d.  to determine whether the proposed plan of allocation of the Settlement Amount is fair and reasonable and should be approved by the Court;

    e.  to finally consider Plaintiff's application for an Enhancement Payment not to exceed $25,000.00;

    f.  to finally determine whether Class Counsel's application for an award of attorney fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g.  to determine that the Claim's Administrator's costs should be paid from the Settlement Amount; and

    h.  to rule upon such other matters as the Court may deem appropriate.

7.  The form of Class Notice appended to the Agreement as Exhibit 1 is hereby APPROVED.  No later than 15 calendar days after the entry of the Procedural Order, Defendants shall

| | |
|---|---|
| 1 | provide the Claims Administrator with the person's name, last known address, social security number, |
| 2 | and payroll data of each Class Member.  No later than 30 calendar days after the Preliminary Approval |
| 3 | Date, the Claims Administrator will send via first class mail the documents constituting the Notice |
| 4 | Packet appended to the Agreement as Exhibits 1 and 2 to each Class Member by first-class mail, |
| 5 | postage prepaid. |
| 6 |        8.     The Court finds that the Class Notice, along with the related notification |
| 7 | materials, constitute the best notice practicable under the circumstances and are in full compliance with |
| 8 | the laws of the State of California, the United States Constitution, and the requirements of due process. |
| 9 | The Court further finds that the notifications fully and accurately inform the Settlement Class Members |
| 10 | of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute |
| 11 | their share of the settlement, of the Settlement Class Members' right to be excluded from the |
| 12 | Settlement Class, and of each Settlement Class Member's right and opportunity to object to the |
| 13 | settlement. |
| 14 |        9.     The Court hereby APPROVES the proposed Claim Period Deadline of 45 |
| 15 | calendar days from the initial mailing of the Notice Packet. |
| 16 |        10.    The Court hereby APPROVES the proposed procedure for opting out of the |
| 17 | Settlement Class.  The Opt-Out Request must (a) be in writing; (b) must identify this settlement and |
| 18 | state that the Class Member is requesting exclusion from the Settlement (i.e., "I request exclusion from |
| 19 | the Napoto v. DHL Settlement"); (c) contain the Class Member's full name, address, telephone number |
| 20 | and your last four digits of their Social Security Number; (d) must be mailed to the Claims |
| 21 | Administrator at the address set forth in the Notice; (e) must be postmarked no later than the Class |
| 22 | Period Deadline, 45 calendar days from the intitial mailing of the Notice Packet.  The date of the |
| 23 | postmark on the return-mailing envelope shall be the exclusive means used to determine whether a |
| 24 | request for exclusion has been timely submitted.  Any member of the Class who requests exclusion |
| 25 | from the settlement will not be entitled to any share of the Settlement and will not be bound by the |
| 26 | Settlement Agreement or have any right to object, appeal or comment thereon.  Members of the Class |
| 27 | who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement |
| 28 | Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested |

exclusion from the settlement.

11. All reasonable costs of settlement and claims administration, including the mailing of Class Notice and Claim Form, shall be paid for as provided in the Agreement.

12. To object, a Settlement Class Member shall inform Class Counsel in writing of his, her or its intent to object to this Agreement and/or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Notice Packet, including the requirement that he or she timely send a notice of intent to object or appear by first-class mail, postage prepaid, to Class Counsel. To be considered timely, the notice must be filed no later than the Class Period Deadline of 45 calendar days from the initial mailing of the Notice Packet and be served on Class Counsel and Defendant's Counsel. The notice must set forth any and all objections to this Agreement and include any supporting papers and arguments. Any person or entity who fails to submit such a timely written notice shall be barred from making any statement objecting to this Agreement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court.

13. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

14. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agrement and this Order.

**Dated:** December 15, 2010

_____
The Honorable James Larson
Magistrate Judge of the United States District Court

6

[PROPOSED] ORDER
(CV-09-01551-JL)